## WILLIAM T. THORP v. WILLIS P. DEMING.

*Promissory notes—Usury—Want of consideration—Challenge of juror.*

1. Refusal to allow a peremptory challenge after the jury is sworn in is not error.

2. A note given in renewal of one which is paid, so far as lawfully collectible, and which is not supported by any new consideration, is void for want of consideration.

Error to Lenawee. (Lane, J.) Submitted on briefs October 31, 1889. Decided November 15, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Westerman & Westerman*, for appellant, contended:

1. Act No. 147, Laws of 1883, gives each party the right to four peremptory challenges; and, as the record fails to show that

the twelve jurors had been "approved as indifferent between the parties" before they were sworn, as required by statute, plaintiff should have been permitted to use his remaining peremptory challenges; citing How. Stat. § 7599; *Mining Co. v. Johnston,* 23 Mich. 36.

2. When the new note was given for the original indebtedness, with the interest and cost of making the papers added, the question of what was paid by the defendant to secure an extension of time, or for the use of the money, becomes immaterial, as it does not enter into the contract in question; citing *Smith v. Stoddard,* 10 Mich. 148; *Gardner v. Matteson,* 38 Id. 203; *Havens v. Jones,* 45 Id. 253; *Iron Co. v. Burkham,* 10 Id. 283; *Craig v. Butler,* 9 Id. 21; *Chadbourn v. Watts,* 10 Mass. 121; *Clark v. Phelps,* 6 Metc. 296; *Darling v. March,* 22 Me. 184.

3. Under our statute the taking of usury only avoids that part which is usurious, which may be deducted; citing How. Stat. §§ 1594, 1595; and usury must be pleaded; citing *Fay v. Crimsteed,* 10 Barb. 321; *Bank v. Foster,* 44 Id. 87; *Frank v. Morris,* 57 Ill. 138 (11 Am. Rep. 4); Abbott, Trial Ev. 791; *Gardner v. Matteson,* 38 Mich. 200.

*Millard, Wood & Bird,* for defendant, contended for the doctrine stated in the opinion.

CAMPBELL, J. Suit was brought on a note for $24.60, dated April 18, and payable in four months. The defense relied on was that this note was given to renew a former one, which was itself in renewal of a still earlier one, and that all of the real principal borrowed, with full legal interest, had been paid, so that the claim was merely for usurious interest. The jury sustained this defense. On the trial, and after the jury had been sworn, but before proofs were introduced, plaintiff asked leave to challenge a juror peremptorily, which was refused. No authority has been shown to us for allowing a peremptory challenge after the jury is sworn, and there was no error in so holding.

There was a conflict of testimony on the facts. It was substantially agreed that the issue depended on whether the second note had any consideration. Defendant's tes-

timony, which the jury believed, showed that the first note was overpaid, so far as lawfully collectible, and that there was no new consideration for the second, which was obtained by pressure, under threats of foreclosing a chattel mortgage. The jury had the law fairly before them, and there is no reason to disturb their verdict.

The judgment must be affirmed, with costs.

The other Justices concurred.