FREDERICK S. AYRES, JAMES S. AYRES, AND EBENEZER R. AYRES v. LANGDON HUBBARD.

*Jury—Right of peremptory challenge.*

After the parties have announced themselves satisfied with the jury, and they are sworn, neither party can peremptorily challenge a juror, against the objection of the opposite party.

Error to Huron. (Beach, J.) Argued October 15, 1891. Decided October 30, 1891.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*W. T. Bope* and *Horace G. Snover,* for appellant.

*James H. Hall,* for plaintiffs.

LONG, J. This cause was tried in the Huron circuit court, where plaintiffs had verdict and judgment. Defendant brings error.

But one question is raised upon this record. It appears that after the jury had been impaneled and sworn in the cause, and after a recess of two hours, the parties came into court, and plaintiffs, by their counsel, asked leave to challenge one of the jurors peremptorily. The cause

had not been formally opened to the jury, and no testimony yet taken. In support of the claim to challenge one of the jurors, plaintiffs' counsel filed an affidavit setting forth—

"That, at the time of the announcement by him that he was satisfied with the jury drawn in this case, he believed that the jurymen drawn were each of them competent to try the case, and were situated so that they could fairly and impartially try the same on the testimony; that he has since learned that the juryman John Sparling is so situated in regard to the defendant, and so connected with the defendant in various ways, that he cannot, as deponent believes, fairly try the case; and that the matters that lead him to believe the said juryman cannot fairly try the case came to his knowledge since said jury was sworn."

It was claimed by counsel that it was a matter in the discretion of the court. The court, while expressing some doubt of his authority to permit the challenge, did permit it. The juror Sparling was excused, one juror from the regular panel drawn in his place, and the panel again sworn. To this proceeding defendant's counsel objected, and took an exception.

Before the original jury was impaneled, plaintiffs' counsel had examined the juror Sparling as to his competency, and had asked him the following question, to which he made answer:

"Is there anything between you and Frank Hubbard that would make it disagreeable for you to decide the case against his father?
"A. No, sir; not a bit."

There was nothing appearing upon the examination of the juror Sparling, or set forth in the affidavit filed, which would have warranted the court in excusing him for cause. The question is therefore presented whether the trial court may, in its discretion, after the panel has

been sworn in the cause, permit either party to challenge
a juror peremptorily, and have another drawn in his
place, against the objections of the opposite party.

The statute provides that in all civil cases each party
may challenge peremptorily four jurors. How. Stat. §
7607. The right to peremptory challenge in civil cases
was unknown to the common law, and is purely statutory,
and neither party can be deprived of this right until the
jury is sworn. When the jury has been impaneled and
duly sworn to try the cause, this right to peremptory
challenge must end. It was not within the discretion of
the trial court, after the jury had been sworn to try the
cause, to permit this peremptory challenge. The law
provides that the first 12 persons who shall be approved
as indifferent between the parties shall be sworn, and
shall be the jury to try the cause.[1] These 12 jurors were
sworn, and the question could not, therefore, be opened,
except by consent of the parties, that jury set aside, and
a new jury impaneled, simply for the purpose of permit-
ting one of the parties to exercise a right which should
have been exercised before the jury was sworn.

This exact question has never been presented to this
Court, but in *Thorp v. Deming*, 78 Mich. 124, error was
assigned upon the ruling of the court in refusing to
permit the plaintiff a peremptory challenge after the
jury was sworn. It was said by Mr. Justice CAMPBELL,
in speaking on that subject:

"No authority has been shown to us for allowing a
peremptory challenge after the jury is sworn, and there
was no error in so holding."

Some period must be fixed during the impaneling of
the jury and the actual commencement of the trial when
the right to peremptory challenge must end, and we are
satisfied that when the parties announce themselves satis-

---

[1] How. Stat. § 7599.

fied, and the panel of jurors is sworn to try the cause, the right ends. The court was in error, therefore, in the ruling made.

Judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.